UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cr-00049-MPB-CSW |
| | ) | |
| RONNIE L. BRIDGES, JR., | ) | -01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 14, 2026, and May 19, 2026, the Court held hearings on the Petition for Warrant for Offender Under Supervision filed on May 1, 2026. (Docket. No. 7). Defendant Ronnie L. Bridges Jr. appeared in person with his appointed counsel Alex Scates. The government appeared by Jeremy Kemper, Assistant United States Attorney. U. S. Probation appeared by Officer Allyn Cole.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket. No. 10). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Ronnie L. Bridges Jr. of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Ronnie L. Bridges admitted

violation numbers 1, 2, 3, and 4. (Docket No. 7).

3.      The allegations to which Defendant admitted, as fully set forth in the

petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."**<br><br>On April 29, 2026, Ronnie Bridges, Jr. was arrested in Vanderburgh County for charges of Count 1: OMVWI-Endangering (misdemeanor), Count 2: OMVWI (misdemeanor), Count 3: Unsafe Lane Movement (infraction), and Count 4: Learners Permit Violation (infraction). Mr. Bridges' case is pending in Vanderburgh County Superior Court Case Number 82D03-2604-CM-002639. |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>Between the dates of October 29, 2025, to March 23, 2026, Mr. Bridges tested positive for cannabinoids on 17 random drug screens. Mr. Bridges admitted to illicit substance abuse on three occasions. Mr. Bridges' last admission date was approximately January 19, 2026, however laboratory confirmation testing concluded that was inaccurate |
| 3 | **"The defendant shall not knowingly leave the federal judicial district without the permission of the Court or the probation officer."**<br><br>According to the Probable Cause Affidavit from Mr. Bridges' arrest on April 29, 2026, a witness followed Mr. Bridges' vehicle from Illinois to Evansville, Indiana, where he was ultimately arrested. Mr. Bridges did not have prior authorization to be out of district. |

2

4    **"The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house). The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment."**

On April 29, 2026, Mr. Bridges was arrested for Operating a Motor Vehicle While Intoxicated. On April 30, 2026, Mr. Bridges admitted to drinking alcohol, specifically Jack Daniels. On April 30, 2026, Mr. Bridges tested positive on a random urinalysis for alcohol.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade **C** violation.

(b)    Defendant's criminal history category is **VI**.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is **8 to 14** months imprisonment.

5.    The parties jointly recommended a sentence of twelve (12) months and one (1) day with two (2) years of supervision to follow with additional conditions.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that

3

he should be sentenced to the custody of the Attorney General or his designee for a period twelve (12) months and one (1) day with two (2) years of supervision, upon release from imprisonment, under the same conditions as previously imposed with the following additional conditions as defined in the Revocation Parameters Worksheet:

- **5.**  You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. Justification: This condition is an administrative requirement of supervision.

- **11.**  You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

- **12.** As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition will reduce the risk to the community posed by the offense of conviction, as well as the offender's personal history and characteristics.

- **19.** You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: Due to the offender's history of mental health concerns, this condition is meant to address the offender's treatment needs in the most efficient manner.

- **20.** You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment and mental health treatment. The probation officer shall determine your ability to pay and any schedule of payment

Defendant reviewed the foregoing additional conditions of supervision with his attorney, and they were read by the Court on the record.  Defendant indicated understanding and assent to the additional conditions.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties elected to waive the fourteen-day period to object to the Report and Recommendation.

Date:  May 21, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.